IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF PARSSON | ) | CASE NO. |
| 6395 Princeton Court | ) | |
| Apt. 102H | ) | JUDGE |
| Parma Heights, Ohio 44130 | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | **(Jury Demand Endorsed Hereon)** |
| v. | ) | |
| | ) | |
| HAMPTONS APARTMENTS, LLC | ) | |
| 27800 Cedar Road | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jeff Parsson (hereinafter referred to as "Parsson"), states the following as his Complaint against Defendant, Hamptons Apartments, LLC (hereinafter referred to as "The Hamptons" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111, *et seq.*, and the Ohio Constitution, Oh. Const. Art. II, § 34 and R.C. 4113.15.

## PARTIES

1. At all times relevant herein, Parsson was a resident of the County of Cuyahoga, State of Ohio and is a United States citizen.

2. From on or about September 4, 2008 through July 21, 2017, Parsson was an "employee" in the "employ" of The Hamptons, as defined in 29 U.S.C. §§ 203(e)(1) and (g) and R.C. 4111.03(D)(1) and (3). The Hamptons is an apartment complex consisting of five buildings, including four residential towers and one recreational building. Parsson was classified

by The Hamptons as "maintenance director" and worked at the Hamptons providing maintenance and repair services.

3. The Hamptons did not employ Parsson in a bona fide executive, administrative or professional capacity and Parsson did not perform work for The Hamptons in a bona fide executive, administrative or professional capacity, as defined in 29 U.S.C. § 213(a)(1) and R.C. 4111.03(D)(3)(d).

4. During Parsson's employment, The Hamptons maintained its principal place of business in the County of Cuyahoga, Ohio and was an "employer", as defined in 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

## FACTUAL ALLEGATIONS

5. Even though Parsson was referred to as maintenance director he had no supervisory duties or responsibilities. Parsson was the only maintenance employee of The Hamptons with HVAC repair and maintenance certification.  He also had years of experience and knowledge as a maintenance man.

6. In addition to Parsson, The Hamptons maintained a crew of five housekeepers and four maintenance technicians (hereinafter referred to as "the crew").  Each of the five housekeepers was responsible for cleaning at one of the five buildings.  Each of the four maintenance technicians was responsible for service and repairs at one of the four residential towers.  Parsson was the most experienced of the maintenance technicians but had no supervisory and/or management responsibilities over them or the housekeepers.  Because of his HVAC certification and years of experience in residential maintenance he assisted the technicians with repairs they were not qualified to perform.  Daily control and supervision of the crew was handled by the Property Manager and Assistant Property Manager.

7. Parsson, who lived in one of the apartments, would meet with the crew at the recreation building to observe who was present for the work day and who filled out their timesheets for the day. Timesheets documenting the hours worked by the crew were kept in a folder in the office of the Property Manager and under the control of the Assistant Property Manager. Parsson had no access to these timesheets.

8. The crew members were given their assignments each day through work orders. The work orders were filled out by the Resident Service Secretary who would answer telephone complaints and requests for service from the residents. The secretary would then fill out the work order and place it in a folder assigned to each of the maintenance technicians and housekeepers, which folders were kept at the Resident Service Desk. The Property Manager and Assistant Property Manager would also fill out work orders for the crew and place in their folders as well. Parsson did not issue work orders or direct the work performed by the crew.

9. The Property Manager and Assistant Property Manager would regularly conduct private meetings with the crew and not include Parsson. At these meetings they would assign different jobs and tasks to the crew.

10. Parsson, in addition to performing his daily HVAC maintenance and repairs, and assisting the technicians on complicated maintenance and repairs he had more experience dealing with, would complete purchase orders for maintenance, janitorial supplies, and HVAC supplies. However, all of the purchase orders completed by Parsson required managerial approval.

11. Parsson never had any authority to terminate or recommend termination of any employees of The Hamptons. Occasionally Parsson was asked to sit in on an interview of a maintenance technician or comment on a job application but he had no authority to hire.

12. During his employment, Parsson was regularly scheduled to work Monday – Friday, from 8:30 am to 5:30pm with a one hour, unpaid lunch break, and two 15 minute break periods. However, he often worked more than forty (40) hours in a week and worked through lunch and break periods. In addition, he often received phone calls at home from maintenance technicians after work hours asking his advice on how to perform a variety of maintenance and repair tasks.

13. During Parsson's employment, The Hamptons paid Parsson on a salary basis and did not pay him overtime wages for hours worked over forty (40) per workweek, including Parsson's time spent working during meal and break periods and outside of the regularly scheduled work hours and on sick days, vacation days, holidays and personal days.

14. During Parsson's employment, The Hamptons failed to properly track, monitor, preserve or record the actual number of hours per day worked by Parsson and did not maintain accurate records of the hours that Parsson worked each workday and the total number of hours worked each workweek as required by the FLSA.

## **FIRST CAUSE OF ACTION**

15. All the foregoing allegations contained in paragraphs 1-14 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

16. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully violated the FLSA by failing to pay Parsson for all hours worked; failing to pay Parsson all overtime compensation due him; and failing to provide Parsson with bona fide meal periods during which he was completely relieved from duty.

## SECOND CAUSE OF ACTION

17. All the foregoing allegations contained in paragraphs 1-16 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

18. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully violated the OMFWSA and the Ohio Constitution, Oh. Const. Art. II, § 34 by failing to pay Parsson for all hours worked; failing to pay Parsson all overtime compensation due him; and failing to provide Parsson with bona fide meal periods during which he was completely relieved from duty.

## THIRD CAUSE OF ACTION

19. All the foregoing allegations contained in paragraphs 1-18 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

20. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to make, keep and preserve records of the hours worked by Parsson, in violation of the FLSA.

## FOURTH CAUSE OF ACTION

21. All the foregoing allegations contained in paragraphs 1-20 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

22. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to make, keep and preserve records of the hours worked by Parsson, in violation of the OMFWSA and the Ohio Constitution, Oh. Const. Art. II, § 34.

## **FIFTH CAUSE OF ACTION**

23. All the foregoing allegations contained in paragraphs 1-22 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

24. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to pay Parsson all wages owed to him within 30 days of his regularly scheduled paydays in violation of R.C. 4113.15.

WHEREFORE, Parsson respectfully requests that this Court grant him the following relief against Defendant:

1. Compensatory damages for all unpaid compensation, including overtime compensation, the exact amount to be determined at trial; and

2. Liquidated and/or treble damages as allowed by the FLSA, the OMFWSA, the Ohio Constitution, Oh. Const. Art. II, § 34 and R.C. 4113.15; and

3. Pre-judgment and post-judgment interest on damages; and

4. Reasonable attorney fees and costs; and

5. Such further relief as this Court deems necessary and appropriate.

### JURY DEMAND

Plaintiff requests a jury trial on all legal matters contained in the Complaint.

CONSOLO LAW FIRM CO., LPA

/s/ Frank Consolo
FRANK CONSOLO [0042455]
HORACE F. CONSOLO [0096571]
212 Hoyt Block
700 West St. Clair Avenue
Cleveland, Ohio  44113
(216) 696-5400 FAX (216) 696-2610
fconsolo@consololaw.com
hconsolo@consololaw.com
*Attorneys for Plaintiff*